IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond D. B., Jr.,[1] | ) | C/A No.: 1:22-3554-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi, Acting | ) | ORDER |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [ECF No. 20]. On August 24, 2023, the court issued an order reversing the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and remanding the case for further administrative proceedings. [ECF No. 18]. On September 8, 2023, Plaintiff filed a motion seeking $4,113.00 in attorney fees. [ECF Nos. 20]. The Commissioner subsequently filed a response indicating she did not oppose payment of attorney fees of $4,113.00. [ECF No. 21]. In light of Plaintiff's attorney's representations and the Commissioner's support for Plaintiff's motion and in accordance with 28 U.S.C. § 2412(a) and § 2412(d), the court grants the motion and directs the Commissioner to pay

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

Plaintiff $4,113.00.[2] This payment shall constitute a complete release from and bar to any further claims Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 560 U.S. 586, 595–97 (2010), EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the court orders the EAJA fee be paid to Plaintiff through payment delivered to Plaintiff's counsel.[3]

---

[2] The "EAJA requires prevailing parties seeking an award of fees to file with the court, '*within thirty days of final judgment in the action*,' an application for fees and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991) (emphasis in original) (citing 28 U.S.C. § 2412(d)(1)(B)). In *Melkonyan*, 501 U.S. at 102, the Supreme Court clarified that for cases remanded pursuant to sentence four of 42 U.S.C. § 405(g), "the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." For actions in which a United States agency is a party, Fed. R. App. P. 4(a)(1)(B) provides that a notice of appeal may be filed within 60 days after entry of the judgment. Because the court's order was issued on August 24, 2023, the 60-day period for filing an appeal has not yet run. However, because the Commissioner does not object to the award of an EAJA fee, the undersigned concludes she does not intend to appeal the court's decision. Accordingly, the undersigned excuses Plaintiff's premature filing of the motion in the interest of judicial economy.

[3] The parties may disburse these funds to satisfy valid liens or in accordance with a lawful assignment.

2

3

IT IS SO ORDERED.

September 13, 2023  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge